UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| TERENCE S. CHANCELLOR | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-7712 |
| | ) | |
| BANK OF AMERICA N.A., successor by merger to BAC HOME LOAN SERVICING LP; SELECT PORTFOLIO SERVICING, INC; and J.P. MORGAN CHASE; | ) ) ) ) ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to enforce settlement (Dkt. 95) brought by Defendants Select Portfolio Servicing, Inc. ("SPS") and J.P. Morgan Chase ("Chase") and Pro se Plaintiff Terence Chancellor's motion to join a necessary party (Dkt. 90). The Court grants the motion to enforce settlement and denies the motion to join a necessary party.

**Background**

Chancellor brought suit against the entity he believed held his mortgage, J.P. Morgan Chase ("Chase"), his previous mortgage loan servicer, Bank of America, N.A. ("BANA") and his current loan servicer, Select Portfolio Servicing ("SPS"), alleging various claims arising out of the defendants' failure to honor two loan modification agreements and provide Chancellor with requested information regarding his mortgage. (Dkt. 40.)

Following a grant in part and denial in part of the defendants' motions to dismiss, this Court appointed settlement counsel for Chancellor and referred the case to Magistrate Judge Schenkier for discovery and settlement supervision. A settlement conference was held on February 23, 2016 at which, per Judge Schenkier's minute entry, a settlement was reached. (Dkt. 86.) A status was set for

March 16 "for a report on the parties' progress in finalizing their settlement documentation." (*Id.*) At the March 16 hearing, the parties reported that the settlement would be effectuated via two separate agreements, one between Chancellor and BANA, and one between Chancellor and the remaining defendants, Chase and SPS (collectively "Defendants"). (Dkt. 88.) By the next hearing on April 14 Chancellor and BANA had finalized their settlement, but the parties to the other settlement disputed whether a final settlement had been reached. (*Id.*)

Chancellor seeks to join U.S. Bank, N.A. to the suit because Defendants are claiming that U.S. Bank, not Chase, holds Chancellor's mortgage loan, and Chancellor wishes to pursue claims he may have against U.S. Bank in that capacity. (Dkt. 90.) Defendants seek to enforce the settlement agreement that they allege was reached at the February 23 hearing, which contemplates U.S. Bank as a signatory. (Dkts. 95, 104.)

**Legal Standard**

Enforcement of settlement agreements pertaining to federal claims is governed by state contract law. *Holmes v. Potter*, 552 F.3d 536, 539 (7th Cir. 2008). "Oral settlement agreements are enforceable under Illinois law if 'there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement.'" *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007). The essential terms of the settlement must be sufficiently definite and certain such that a court can ascertain what the parties agreed to. *Id.* A "meeting of the minds" is determined by reference to the parties' objective conduct rather than to their subjective beliefs. *Id.*

Under Rule 19(a)(1), an absent party is required to be joined if feasible if one of the following is true: (1) "the court cannot accord complete relief among existing parties" without joinder of the absent party; (2) the absent party "claims an interest relating to the subject of the action" and will be impeded or impaired in its ability to protect that interest; or (3) an existing party is "subject to a

2

substantial risk of incurring double, multiple or otherwise inconsistent obligations" because of the absent party's claimed interest relating to the subject of the action. Fed. R. Civ. P. 19(a)(1)(A)–(B).

**Discussion**

*Motion to Enforce Settlement*

Chancellor and Defendants agree that at the conclusion of the February 23 settlement conference, there was agreement as to the following essential terms: (1) Chancellor would receive a global settlement amount of $30,000.00 of which Defendants would contribute $10,000.00; (2) Chancellor's eligibility for available modification options would be assessed; and (3) in exchange for the monetary damages and the account review, Chancellor would release his claims. (*Compare* Dkt. 95 at 4 *with* Dkt. 100 at 4.) However, there are some factual disputes: Chancellor claims that the parties agreed to pay him the $30,000.00 within fourteen days of the conference, that the parties specifically agreed to review Chancellor's eligibility for the Home Affordable Modification Program ("HAMP"), that there was no discussion about memorializing the settlement in writing, and that there was no discussion about U.S. Bank being the holder of the mortgage loan. (Dkt. 100 at 4-5.) SPS and Chase deny that there was any agreement to pay within 14 days of the conference and state that the conference concluded with the parties agreeing to draft a written settlement agreement. (Dkt. 102 at 5-6.) Defendants also claim that they made clear during the settlement discussions that U.S. Bank would be a party to the settlement agreement because any modification to Chancellor's mortgage would require U.S. Bank's approval. (*Id.* at 3-4.)

Despite these factual disputes, Chancellor does not argue that there was no meeting of the minds on February 23. Rather, Chancellor asserts that because Defendants failed to perform by failing to disburse $10,000.00 within fourteen days of the initial settlement conference, Chancellor is now entitled to rescind or terminate the agreement. (Dkt. 100 at 8-9.) Although Chancellor cites non-precedential California law to support his argument, the principle that a party "may terminate or

3

rescind a contract because of substantial nonperformance or breach by the other party" also exists under Illinois law. *See, e.g., C. G. Caster Co. v. Regan*, 88 Ill. App. 3d 280, 285 (1980). However, the nonperformance or breach must be so substantial or material that it defeats the purpose of having made the agreement, renders performance of the rest of the contract different in substance, or otherwise justifies the injured party regarding "the whole transaction as at an end." *First Nat. Bank of Evergreen Park v. Chrysler Realty Corp.,* 168 Ill. App. 3d 784, 793 (1988). Even assuming that Defendants agreed to pay within fourteen days, failure to do so is not such a material or substantial breach as to justify undoing the entire agreement. *See id.* (jury could conclude from evidence that party performed on the contract several months late that breach was not so material as to justify termination). Chancellor's argument in opposition to enforcing the settlement therefore fails.

*Motion to Join a Party*

Chancellor seeks to join U.S. Bank as a required party to this case under Rule 19. However, he has failed to show that any of the Rule 19 conditions apply here. Chancellor can obtain the relief he seeks without joining U.S Bank since it is willing to sign the settlement agreement. While normally an entity is not bound by the settlement of litigation to which it is not a party, there may be situations where "representations or conduct [of] a nonparty might estop itself to attack a judgment in a suit to which it was not a party." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992). This appears to be one of those situations; if U.S. Bank signs the settlement agreement, it will be bound to the agreement under ordinary principles of contract law. Additionally, because U.S. Bank's interest in the subject matter of this suit is adequately represented by the existing parties, it need not be joined for purposes of protecting its interests. *See J.P. Morgan Chase Bank, N.A. v. McDonald,* 760 F.3d 646, 653 (7th Cir. 2014). There is also no risk of inconsistent obligations if U.S. Bank is not joined. Therefore none of the prerequisites for Rule 19 mandatory joinder have been met.

4

At oral argument, Chancellor expressed two concerns about the harm he would suffer if the settlement was enforced and he was unable to join U.S. Bank as a party to the suit. The first is the loss of his ability to litigate what he believes to be a viable breach of contract claim against U.S. Bank. Chancellor's right to bring this claim is not absolute. Chancellor is poised to obtain from U.S. Bank the relief he negotiated for at the settlement conference: a review of his eligibility for a loan modification. He cannot claim injury because he wants to put U.S. Bank through the tribulations of litigation and is prevented from doing so by U.S. Bank's willingness to give him what he wants before he has the opportunity to sue it. Furthermore, Chancellor conceded that he has been on notice since at least 2014 that it was SPS' position that U.S. Bank was the mortgage-holder. Although Chancellor alleges BANA made contrary representations, Chancellor was free to—and should have—brought suit against both U.S. Bank and Chase under alternative theories as to who held his mortgage. He has unduly delayed in seeking to bring U.S. Bank into this suit and cannot do so on the eve of settlement simply to gain leverage and squeeze more out of Defendants than he bargained for at the settlement conference.

Chancellor's second expressed concern is his lack of recourse if he is not granted a modification. This is again an attempt to get more than what he originally agreed to accept. According to Chancellor's own brief, the parties agreed *only* that Chancellor's mortgage loan would be *evaluated* for applicable modifications. (Dkt. 100 at 4.)  This does not amount to a guarantee that Chancellor will actually obtain a loan modification.

Because none of the Rule 19 prerequisites have been met, Chancellor's motion to join U.S. Bank as a necessary party (Dkt. 90) is denied. Because the parties came to an agreement about the essential terms of settlement at the February 23 settlement conference, Defendants' motion to enforce settlement (Dkt. 95) is granted to the extent they seek to enforce those terms, which are as follows: (1) Defendants will pay Chancellor $10,000.00; (2) Defendants will review Chancellor's eligibility for

available modifications; and (3) in exchange for the monetary payment and the account review, Chancellor will release his claims. Any additional disputes regarding whether the written agreement properly states these terms, or whether it imposes any terms which do not align with the agreement reached at the settlement conference, can be raised before Magistrate Judge Schenkier.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  May 24, 2016